The judgment is affirmed, with 2 per cent. damages and costs.

*H. C. Newcomb*, *J. S. Harvey* and *J. M. Gregg*, for the appellant.

*C. C. Nave*, for the appellees.

May Term,
**1857.**

HORNADAY
v.
THE INDIANA
&c., RAILWAY
Co.

(1) The case next following.

---

## HORNADAY v. THE INDIANA AND ILLINOIS CENTRAL RAILWAY COMPANY.

Suit by a railroad company on a subscription of stock. The answer set up fraud in this, that since defendant's cash subscription, the company had taken a large land subscription at enormous prices, &c. *Held*, bad on demurrer.

APPEAL from the *Hendricks* Court of Common Pleas. STUART, J.—The railway company sued *Hornaday*, on his stock subscription. He set up fraud in this, that since his cash subscription, the company had taken a large land subscription at enormous prices, &c. Demurrer to the answer sustained, and judgment for the plaintiffs below. *Hornaday* appeals.

*Friday, June 5.*

There was no error in this ruling. That the officers of the railway company had made some foolish bargains, was no defense to the action. It was his duty as a stockholder to aid in the selection of more competent officers. He might complain, if they had gone beyond the common course of procedure—as if they had consolidated the road with some other. But procuring subscriptions of stock, was directly in the line of their duty. If land was taken, it was because the railway charter permitted it. It was only an error of judgment if they paid too high a price.

Besides, *Hornaday* took no exception to the opinion of the Court in sustaining the demurrer to his answer. The record, therefore, presents no question to be determined (1).

May Term, 1857.

GIBSON
v.
THE STATE.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*H. C. Newcomb, J. S. Harvey* and *J. M. Gregg*, for the appellant (2).

*C. C. Nave*, for the appellees.

(1) *Jolly* v. *The Terre Haute Bridge Co., post.*
(2) Counsel for the appellant cited 1 Hovenden on Fraud, pp. 145, 468; 2 *id.* pp. 4, 38, 157; *M'Cormick* v. *Malin et al.* 5 Blackf. 509.

---

## GIBSON *v.* THE STATE.

Indictment for murder. On the trial, a brother of the deceased testified that he had participated in the fight in which the mortal wound was given; that he had not seen a certain hatchet used by any one; that he, witness, had not used a deadly weapon during the melee; that he simply held a bowie-knife in his hand, but did not use it. With a view to his impeachment, he was asked the following question: "Did you, or did you not, in Dr. *B.'s* office in this town, on the evening of the fight, in the presence and hearing of the doctor and one *M.*, say that one of the persons engaged in the fight, would not fight again, as you had sunk the poll of the hatchet in his head." The state objected, and the Court sustained the objection. *Held,* that this was error.

A refusal to grant a new trial upon the ground that the evidence does not sustain the verdict, will not be considered erroneous, except in extreme cases.

To obtain a new trial, upon the ground of newly discovered evidence, the defendant in a criminal case, must, in addition to his own affidavit, either produce the affidavit of the proposed witness, stating what he will swear, or account for its absence.

The absence of such affidavit is sufficiently accounted for by the fact that the witness is not in the state, and that the defendant has been in prison and without the means to find him.

The Court might, perhaps, of its own motion, continue the cause pending a motion for a new trial, to give the prisoner a reasonable time to procure such affidavit.

*Friday, June 5.*

APPEAL from the *Morgan* Circuit Court.

STUART, J.—Indictment against *William* and *Robert Gibson*, for the murder of *Robert Mann*. The prisoners joined in the plea of not guilty. *Robert Gibson* was ac-